UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Plaintiff,

-v-

ATEGRITY SPECIALTY INSURANCE COMPANY,

    Defendant.

---

25-cv-2170 (JSR)

OPINION & ORDER

JED S. RAKOFF, U.S.D.J.

    Plaintiff Liberty Mutual Fire Insurance Company ("Liberty") sues defendant Ategrity Specialty Insurance Company ("Ategrity") for indemnification costs arising from underlying insurance actions. Both parties have cross-moved for summary judgment. For the foregoing reasons, the Court grants Liberty's motion in its entirety, denies Ategrity's motion for summary judgment, and directs the entry of final judgment.

I.   Background

    JDS Construction Group LLC ("JDS") commenced an action in New York Supreme Court against, among others, NY Crane Hoist Operations LLC ("NY Crane") and US Crane & Rigging LLC ("US Crane"). JDS Construction Grp. LLC v. US Crane & Rigging LLC, et al., 224 A.D.3d 582 (1st Dep't, 2024). That action arose out of damages caused by unsecured cranes to a building project in the wake of Hurricane

1

Zeta. ECF No. 32, Response to Plaintiff's Statement of Material Facts ¶¶ 1-4. The cranes were operated by NY Crane, a subcontractor of US Crane. Id.

Liberty insured JDS, and US Crane was a named insured on that policy. Id. ¶¶ 30-31. Ategrity insured NY Crane. Id. ¶ 20. The subcontract between US Crane and NY Crane required that NY Crane provide adequate insurance coverage for indemnification purposes. Id. ¶ 19. Liberty agreed to defend US Crane in the JDS action. Id. ¶ 32. In March 2025, the plaintiffs settled their claims against US Crane and NY Crane. Id. ¶ 5.

While the JDS action was ongoing, RSUI Indemnity Company ("RSUI") commenced a subrogation action against, among others, NY Crane and US Crane. Id. ¶ 7. Liberty also agreed to defend US Crane in the RSUI action. Id. ¶ 13. The subrogation action was dismissed by stipulation in June 2024. Id. ¶ 8.

The parties now dispute whether Ategrity's obligation to pay for US Crane's costs in the underlying actions has been triggered. Liberty alleges that it incurred and paid defense costs totaling $476,575.25 for the defense of US Crane in the underlying actions, and that Ategrity owes this amount plus interest to Liberty. Id. ¶ 15. The dispute centers around a portion of the insurance policy between Ategrity and NY Crane titled the Self-Insured Retention ("SIR") Endorsement. The SIR Endorsement explains that Ategrity's obligations to pay damages or Loss Adjustment Expenses only applies

2

after "you" — defined as the "Named Insured" and "any other person or organization qualifying as a Named Insured under this policy" – pay $350,000 toward the expenses.

The parties agree that NY Crane has not paid $350,000. But they disagree over whether NY Crane must pay that amount before Ategrity's responsibility to pay for US Crane's costs begins. Both parties have moved for summary judgment over this question.

II. Legal Standard

The familiar standard for summary judgment is that it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where opposing parties each file motions for summary judgment, the Court is to consider each motion independently, evaluating each "on its own merits" and drawing "all reasonable inferences . . . against the party whose motion is under consideration." Roberts v. Genting N.Y. LLC, 68 F.4th 81, 88 (2d Cir. 2023) (cleaned up). The Court "need not enter judgment for either party," and summary judgment may be entered only where, "on the record presented, considered in the light most favorable to the non-moving party, no reasonable fact-finder could find in [the non-moving party's] favor." Id. (cleaned up).

III. Analysis

At bottom, the parties' cross-motions for summary judgment turn on whether Ategrity's SIR Endorsement applies to US Crane. If

3

it does, then NY Crane must pay $350,000 before Ategrity owes any coverage obligation. If it does not, then Ategrity must defend US Crane without consideration to the SIR Endorsement. The Court finds that the SIR Endorsement does <u>not</u> apply to US Crane.

The SIR Endorsement states, in part, that "[Ategrity]'s obligation . . . to pay damages . . . to which this insurance applies or 'Loss Adjustment Expense' applies only to the damages or 'Loss Adjustment Expenses' in excess of any Self-Insured Retention amount stated in the SCHEDULE." ECF No. 22-15, Exh. O ("Ategrity Policy") at 80. The amount stated in the schedule is $350,000 for every occurrence. In other words, the SIR Endorsement amounts to a deductible of $350,000. Before that amount is met, whoever the SIR Endorsement applies to is responsible for paying their own costs. After that entity has paid $350,000, Ategrity's duty to defend and pay expenses kicks in.

The key question is whether the SIR Endorsement applies to US Crane. Liberty points to the text of the policy, which expressly provides that when the policy uses the word "you," it is referring only to the named insured. Ategrity Policy at 36. Liberty argues that because the SIR Endorsement uses the word "you" throughout the text, the SIR Endorsement only applies to named insureds like NY Crane. US Crane is undisputedly not a named insured, but rather, an additional insured. Since nothing in the SIR Endorsement seems to apply to additional insureds, Liberty argues the SIR Endorsement

4

cannot limit Ategrity's responsibility to pay for US Crane's expenses.

Ategrity does not dispute that the text of the SIR Endorsement only mentions named insureds like NY Crane. But because the text of the SIR Endorsement and other supporting provisions indicate that the SIR Endorsement must always be fulfilled before Ategrity's policy kicks in, Ategrity argues that it is not responsible for US Crane's costs until NY Crane has paid $350,000.

The Court concludes that the SIR Endorsement does not apply to US Crane. The SIR Endorsement never mentions additional insureds anywhere. Nor does it expressly require named insureds to fulfill their obligations under the SIR Endorsement for additional insureds before the policy activates. In fact, portions of the SIR Endorsement are unambiguously directed only to the named insured, NY Crane. For instance, a portion of the SIR Endorsement explains that "[y]ou will accept any offer of settlement within the [SIR]." Ategrity Policy at 80. No party suggests that NY Crane could accept an offer of settlement on behalf of US Crane, lending further credence to the conclusion that the SIR Endorsement on its face applies only to the named insured.

Without a textual basis for concluding that the SIR Endorsement applies to additional insureds, there is no good reason for extending the "deductible" requirement to US Crane's costs.

5

Indeed, courts have consistently rejected efforts to extend SIR Endorsements to additional insureds absent clear policy language so extending the SIR. See Am. Nat. Fire Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 343 Ill. App. 3d 93, 106 (1st Dist. 2003) (holding SIR inapplicable to additional insureds where limited to named insured); Arch Ins. Co. v. Old Republic Ins. Co., 151 A.D.3d 534, 535 (1st Dep't 2017) (rejecting argument that additional insureds consented to a self-insured retention absent explicit language).

Ategrity's effort to cabin American National Fire is unconvincing. Ategrity claims that the policy in that case lacked a prefatory provision, such as, Ategrity argues, exists here, stating the SIR Endorsement was "applicable to all coverages." ECF No. 28 at 12. But the court in American National Fire never suggested that that omission was material. Moreover, contrary to the party's suggestion, the Ategrity policy does not, in fact, declare the SIR "applicable to all coverages." Rather, it provides that Ategrity's obligations to pay damages apply only to amounts "in excess of any SIR amounts stated in the SCHEDULE," qualified by the phrase "to which this insurance applies." Ategrity Policy at 80. That language is narrower than the broad "all insureds" clause found in FHP Tectonics Corp. v. Am. Home Assur. Co., 2016 IL App (1st) 130291, ¶ 5, which expressly extended obligations beyond the named insured.

6

Given that, as both parties agree, New York law applies here, the Court is especially persuaded by the New York Appellate Division's decision in Arch Insurance. 151 A.D.3d 534. In that case, like here, the court addressed whether a SIR Endorsement applied to an additional insured. The court concluded that the SIR Endorsement did not apply to the additional insured because a later-added primary and non-contributory endorsement ("PCNE") in the insurance policy conflicted with the SIR Endorsement. Id. at 535. The PCNE provided "primary insurance on a non-contributory basis" to the additional insured. Id. Because that language could not be reconciled with the SIR Endorsement's text, the court held that the later addition controlled. Id.

Here too, the PCNE in the Ategrity policy conflicts with Ategrity's preferred reading of the SIR Endorsement. The PCNE states that the insurance is "primary to and will not seek contribution from any other insurance available to an additional insured." Ategrity Policy at 52. Though the PCNE in this policy was not added after the SIR Endorsement, it specifically notes that it "supersedes any provision to the contrary." Id. Thus, Arch Insurance is on-point. That is, while the reason the PCNE controlled in Arch Insurance is because it was added later, the PCNE controls here because it specifically says it should. Either way, the result is the same: the PCNE controls over the SIR

7

Endorsement, meaning that the SIR Endorsement does not apply to US Crane.

Ategrity raises two further arguments in an effort to limit its costs. First, it argues that to the extent it must pay interest to Liberty, this Court should conduct an *in camera* review to determine when interest began accruing. The Court rejects this invitation.

State law applies to an award of prejudgment interest in a diversity action in federal court. Stanford Square, L.L.C. v. Nomura Asset Cap. Corp., 232 F. Supp. 2d 289, 291-92 (S.D.N.Y. 2002). Under New York state law, prejudgment interest is awarded for contract damages. Id. at 292. The prejudgment interest rate is set at 9% per annum. Nu-Life Const. Corp. v. Bd. of Educ. of City of New York, 789 F. Supp. 103, 106 (E.D.N.Y. 1992) (citing CPLR § 5004). Interest shall be computed "from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date occurred." CPLR § 5001(b). Where the interest stems "from numerous unpaid obligations over a period of time, the court may calculate interest 'from a single reasonable intermediate date.'" LM Ins. Corp. v. Safety Nat'l Cas. Corp., 771 F. Supp. 3d 190, 209 (E.DN.Y. 2025).

Ategrity does not dispute any of the above recited law. Rather, it argues that "[e]ven if, *arguendo*, Liberty Mutual were owed the defense costs it purports to recover, at a minimum, an *in*

8

*camera* review must be conducted to determine the reasonableness of the defense costs along with further inquiry into the calculation of the 'reasonable intermediate date.'" ECF No. 28 at 15. Ategrity seems to suggest that the "reasonable intermediate date" should be based on when the $350,000 SIR Endorsement was met. But this argument only applies if the SIR Endorsement applies to US Crane. ECF No. 33 at 10. Given that the Court has already concluded that the SIR Endorsement does not apply to US Crane, this argument fails.

Ategrity further argues that even if the Court determines that Ategrity owes Liberty expenses for US Crane's defense, the Court must reduce the amount Ategrity owes by the difference between the SIR Endorsement and NY Crane's costs incurred while paying for US Crane's defense. In other words, even if Ategrity owes Liberty some amount of money, Ategrity argues the amount owed is reduced by the $350,000 "deductible." Again, this argument relies on the SIR Endorsement's applicability to US Crane. But given that the Court holds differently, this argument carries no weight.

Accordingly, the Court grants Liberty's motion for summary judgment in its entirety. Ategrity owed US Crane a duty to defend in the JDS and RSUI actions. Thus, Liberty is owed $476,575.25, plus 9% interest per annum from February 17, 2023, and Liberty is

9

owed recovery for the costs and disbursements of this action. The Clerk is respectfully directed to enter judgment.

    SO ORDERED.

New York, NY
September 12, 2025

                                                JED S. RAKOFF, U.S.D.J.